**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | |
|---|---|
| **Amaru Mura Hassan Bey,** ) | **CASE NO. 1:11 CV 1306** |
| ) | |
| **Plaintiff,** ) | **JUDGE PATRICIA A. GAUGHAN** |
| ) | |
| **v.** ) | |
| ) | **Memorandum of Opinion and Order** |
| **State of Ohio,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

## INTRODUCTION

*Pro se* Plaintiff Amaru Maru Hassan Bey filed this action under the Zodiac Constitution, the "Universal Declaration of Human Rights," the United States Constitution, the Declaration of Independence, the Articles of Confederation, the International Religious Freedom Act, the "Rights of Indigenous People," the Treaty of Peace and Friendship of 1836, 18 U.S.C. §§241, 242, 872, 876, 1001, 1091, 1201, 1341, 1621, and 1959, 42 U.S.C. §§ 1981 and 1983, and the Ohio Constitution. He names as Defendants the State of Ohio, the City of Warrensville Heights, Bedford Municipal Court Judge Brian Melling, Bedford Municipal Court Magistrate Nicolas Papa, Bedford Municipal Court Prosecutor Deborah Turner, Bedford Municipal Court Bailiff James Defabio, Bedford Municipal Court Clerk Thomas Day, and Warrensville Heights Patrolman Michael Turner. In the Complaint, Plaintiff asserts he was unfairly brought to court on traffic charges. He seeks

enforcement of the "Divine Constitution and By-Laws of the Moorish Science Temple of America," the United States Constitution, and the Treaty of Friendship and Peace. He requests that all unconstitutional orders and actions be dismissed and expunged from his record, that the Defendants be criminally charged, and that he be awarded monetary damages from each of the Defendants.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. That Application is granted.

## **BACKGROUND**

Plaintiff includes very few factual allegations in his Complaint. He attaches a traffic ticket to his pleading that provides some limited information. The ticket indicates Plaintiff was stopped by Officer Turner on Harvard Road in Warrensville Heights, Ohio on February 12, 2011 and issued a traffic citation for running a red light. Although the ticket suggests that a personal appearance could be waived, Plaintiff appeared in Court on March 9, 2011.

At this point, Plaintiff's Complaint becomes difficult to decipher. He states he appeared with counsel and then asserts the Magistrate violated his Sixth Amendment right to counsel. ECF No. 1 at ¶ 10 and ¶ 15. He apparently had difficulty entering a plea, because he indicates the Magistrate stated, "I only want to hear you say guilty, not guilty or no contest." ECF No. 1 at ¶ 11. He was then charged with contempt of court and possibly fined. He contends the Court Clerk would not accept payment in gold or silver which he claims is required by the United States Constitution for payment of debts. Plaintiff asserts the bailiff falsely arrested him, failed to read him his Miranda rights in the presence of his counsel and otherwise violated his civil rights. He states that a false arrest is the equivalent of assault and battery. He indicates he presented Prosecutor Deborah Turner with a Writ of Discovery/Affidavit which she failed to honor. He

claims this writ challenged jurisdiction and her failure to reply constitutes a default in judgment and a violation of due process.

Plaintiff generally asserts 16 claims for relief. These include violations of 18 U.S.C. §§ 241 (conspiracy to deny civil rights), 242 (deprivation of civil rights), 872 (extortion), 1001 (fraud and false statements), 1201 (kidnaping), 1341 (mail fraud), 1621 (perjury), and 1959 (RICO), 42 U.S.C. §§ 1981 and 1983, dereliction of duty, Universal Declaration of Human Rights violations, violation of the oath of office, assault and battery, creation of *ex post facto* laws, and violation of the Ohio Constitution.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

---

[1] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the Plaintiff and without service of process on the Defendant, if the Court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-[D]efendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

## **ANALYSIS**

### **I.     No Private Right of Action**

As an initial matter, the majority of Plaintiff's claims rest on authority which is not recognized by this federal court, or which does not provide a private cause of action in a civil case. He relies on the Zodiac Constitution and the by-laws of the Moorish Science Temple. While these documents may be of great personal importance to the Plaintiff, they are not recognized by federal courts as binding legal authority. *See Asim El v. Riverside Maintentance Corp.*, No. 95 Civ. 1204, 1998 WL 205304, at * 2 (S.D.N.Y. Apr. 27, 1998); *Bey v. Philadelphia Passport Agency-M*, Civ. A. No. 86-4906, 1986 WL 559, at *2 (E.D.Pa. Dec. 30, 1986). Article III of the United States Constitution provides this Court with federal question jurisdiction to hear claims that arise under the United States Constitution or the laws or treaties of the United States. The Zodiac Constitution and the by-laws of the Moorish Science Temple do not fall within these parameters.

In addition, the Treaty of Peace and Friendship and the International Religious Freedom Act do not provide a private cause of action in a civil case. *See Vuaai El v. Mortgage Electronic Registry System*, No. 08-14190, 2009 WL 2705819, at n.11 (E.D.Mich. Aug. 24, 2009). The Treaty of Peace and Friendship as cited by Plaintiff appears to govern relationships between Moroccan citizens and United States citizens. Although Plaintiff claims to be a descendent of the Moors, he also alleges he was born in the United States. There is no indication that he has Moroccan citizenship. Moreover, the Treaty as cited does not provide grounds for private parties to file civil actions. Plaintiff therefore cannot rely on the Treaty as the basis to assert claims against other United States citizens or government officials. The International Religious Freedom Act, 22 U.S.C.A. § 6401, authorizes government tracking of and intervention in cases of religious persecution abroad. It does not address Plaintiff's ability to disobey traffic laws and contains no provision for a private cause of action against United States government officials.

Plaintiff also asserts claims under 18 U.S.C. §§ 241 (conspiracy to deny civil rights), 242 (deprivation of civil rights), 872 (extortion), 1001 (fraud and false statements), 1201 (kidnaping), 1341 (mail fraud), 1621 (perjury), and 1959 (RICO). These are criminal statutes and provide no cause of action to civil plaintiffs. *U.S. v. Oguaju*, No. 02-2485, 2003 WL 21580657, *2 (6th Cir. July 9, 2003). To the extent Plaintiff is attempting to bring criminal charges against the Defendants, he cannot proceed. Criminal actions in the federal courts are initiated by the United States Attorney, not by private Plaintiffs. 28 U.S.C. § 547; Fed. R. Crim. P. 7(c).

**II.  42 U.S.C. § 1981**

Federal jurisdiction in this case is supported only by Plaintiff's claims under 42 U.S.C. §§ 1981 and 1983. Plaintiff, however, fails to successfully allege a claim under either of these statutes.

Title 42 U.S.C. § 1981 guarantees all persons within the jurisdiction of the United States, regardless of race, the right to make and enforce contracts, the right to sue and be a party to a lawsuit, give evidence, and to enjoy the full and equal benefit of laws for the security of property. To state a claim under this statute, Plaintiff must allege: (1) he is a member of a racial minority, (2) the Defendants intended to discriminate against him on the basis of his race, and (3) the discrimination concerned one or more of the activities enumerated in the statute. *Johnson v. Harrell*, No. 97-5257, 1998 WL 57356 (6th Cir. Feb. 2, 1998); *Morris v. Office Max, Inc.*, 89 F.3d 411, 413 (7th Cir. 1996). While Plaintiff may be a member of a racial minority, he does not allege that the Defendants intended to discriminate against him because of his race, or that their actions prevented him from making or enforcing a contract, bringing a lawsuit, giving evidence, or any of the other activities enumerated in the statute. There are no factual allegations in his Complaint that address any of the elements of a cause of action under § 1981.

### III. 42 U.S.C. § 1983

Plaintiff includes so few factual allegations that it is very difficult to decipher his pleading. Most of his constitutional claims appear to challenge the criminal proceedings against him. He does not indicate the disposition of those proceedings. To the extent that the charges may still be pending against him, he cannot bring a civil action to challenge those charges or ask this Court to intervene to dismiss them. To the extent the proceedings have concluded, Plaintiff cannot proceed with a civil rights action challenging the validity of those proceedings unless he also alleges the charges were resolved in his favor. In both circumstances, Plaintiff's constitutional claims must be dismissed.           **A.     Younger Doctrine**

To the extent the criminal charges against him are still pending, this Court must abstain from

hearing challenges to the state court proceedings.  A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present.  *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971).  When a person is the target of an ongoing state action involving important state matters, he or she cannot interfere with the pending state action by maintaining a parallel federal action involving claims that could have been raised in the state case.  *Watts v. Burkhart*, 854 F.2d 839, 844-48 (6th Cir.1988).  If the state Defendant files such a case, *Younger* abstention requires the federal court to defer to the state proceeding.  *Id*; *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987).  Based on these principles, abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions.  *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).  Abstention is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the state."  *Younger*, 401 U.S. at 44.

If  Plaintiff's criminal case is still pending, all three factors supporting abstention are present.  State court criminal matters are of paramount state interest.  *See Younger*, 401 U.S. at 44-45. The third requirement of *Younger* is that Plaintiff must have an opportunity to assert his federal challenges in the state court proceeding. The pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the federal claims.  *Moore v. Sims*, 442 U.S. 415, 430 (1979).  The burden at this point rests on the Plaintiff to demonstrate that state procedural law bars presentation of his claims.  *Pennzoil Co.*, 481 U.S. at 14.  When a Plaintiff has not attempted to present his federal claims in the state court proceedings, the federal court should assume that state

procedures will afford an adequate remedy, in the absence of "unambiguous authority to the contrary." *Pennzoil*, 481 U.S. at 15. Here, there has been no showing that the claims asserted by Plaintiff in this federal lawsuit are barred in the state action. The requirements of *Younger* are satisfied and this Court must abstain from interfering in any pending state court criminal action against the Plaintiff.

### B. Heck v. Humphrey

If the criminal proceedings have concluded, Plaintiff cannot proceed with a civil rights action challenging the validity of those proceedings unless he also alleges the charges were resolved in his favor. A person convicted of an offense may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The holding in *Heck* applies whether Plaintiff seeks injunctive, declaratory or monetary relief. *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401 at \*1 (6th Cir. May 5, 1998). Plaintiff's constitutional claims challenge the validity of the charges against him and the criminal proceedings themselves. To assert these claims, he must first demonstrate that his conviction was declared invalid by either an Ohio state court or a federal habeas corpus decision. He has not done so. Absent this information, claims of this nature cannot be asserted in a civil rights action.

### C. Immunity

Finally, even if Plaintiff had stated a viable claim for relief, several of the Defendants are immune from suits for damages.

### 1. Eleventh Amendment

As an initial matter, an action for damages cannot be brought against the State of Ohio. The Eleventh Amendment is an absolute bar to the imposition of liability upon states and their agencies. *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005); *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985).

**2. Judicial Immunity**

Furthermore, Judge Melling and Magistrate Papa are absolutely immune from damages. *Mireles v. Waco*, 502 U.S. 9, 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Judicial officers are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only in two situations: (1) when the conduct alleged is performed at a time when the Defendant is not acting as a judge; or (2) when the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116; *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). A judge will be not deprived of immunity even if the action he or she took was performed in error, done maliciously, or was in excess of his or her authority. Plaintiff contends the Judges issued orders which he believes to be contrary to law. ECF No. 1 at 3. Judge Melling and Magistrate Papa are immune from damages for these types of claims.

**3. Prosecutorial Immunity**

Similarly, prosecutors are also entitled to absolute immunity from damages for initiating a prosecution and in presenting the state's case. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976); *Pusey v. Youngstown*, 11 F.3d 652, 658 (6th Cir. 1993). A prosecutor must exercise his or her best

professional judgment both in deciding which suits to bring and in conducting them in court. *Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006). This duty could not be properly performed if the prosecutor is constrained in making every decision by the potential consequences of personal liability in a suit for damages. *Id.* These suits could be expected with some frequency, for a defendant often will transform his resentment at being prosecuted into the ascription of improper and malicious actions to the state's advocate. *Imbler*, 424 U.S. at 424-25; *Skinner*, 463 F.3d at 524-525. Absolute immunity is therefore extended to prosecuting attorneys when the actions in question are those of an advocate." *Spurlock v. Thompson*, 330 F.3d 791, 798 (6th Cir.2003). Immunity is granted not only for actions directly related to initiating a prosecution and presenting the state's case, but also to activities undertaken "in connection with [the] duties in functioning as a prosecutor." *Id.* at 431; *Higgason v. Stephens*, 288 F.3d 868, 877 (6th Cir.2002). In this instance, Plaintiff does not allege Deborah Turner engaged in conduct outside of the judicial phase of Plaintiff's prosecution. Consequently, she is entitled to absolute immunity as well.

### 4. Court Clerk Immunity

Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process. *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988). Whether an act is judicial in character does not depend on whether it is discretionary. *Id.* Rather, immunity applies to all acts of auxiliary court personnel that are "basic and integral parts of the judicial function," unless those acts are done in the clear absence of all subject matter jurisdiction of the court. *Mullis v. U.S. Bankruptcy Court, Dist of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987). Acts committed in error or in excess of jurisdiction will not abrogate immunity, even if it results in "grave procedural errors." *Id.* The acts of the court clerk about

which Plaintiff complains - collecting fees- is an integral part of the judicial process and within the subject matter jurisdiction of the court for which he works.  *Sindram v. Suda*, 986 F.2d 1459, 1461 (D.C. Cir. 1993)(citing the Sixth Circuit's decision in *Foster*).[2]  Thomas Day is entitled to absolute immunity.

## **CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* is granted and this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/17/11

---

[2] *See Fish v. Murphy*, No. 01-3601, 2001WL 1355611(6th Cir. Oct. 26, 2001)(finding the clerk of court was entitled to absolute immunity even though he stamped the wrong date on the document which resulted in the dismissal of an appeal); *Harris v. Suter*, No. 00-3309, 2001 WL 111586 (6th Cir. Feb. 1, 2001)(holding clerk was entitled to absolute immunity for actions associated with filing or failing to file a document); *Burton v. Mortimer*, No. 99-1956, 2000 WL 876517 (6th Cir. June 22, 2000)(finding the denial of free copies of the file and a delay in forwarding the record to the state court of appeals which results in an erroneous dismissal for lack of jurisdiction to be quasi-judicial functions which entitle the clerk to absolute immunity); *see also Foster*, 864 F.2d at 417 (the act of issuing an order of a judge is a quasi-judicial function entitled to immunity).